**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLA DENISE PRICE,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>Defendant - Appellee. | No. 14-16734<br><br>D.C. No. 2:13-cv-01344-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 1, 2016[**]

Before: THOMAS, Chief Judge, D. W. NELSON, and LEAVY, Circuit Judges.

Carla Denise Price appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014).  We vacate and remand to the Social Security Administration for further proceedings.

The administrative law judge ("ALJ") failed to provide specific, clear, and convincing reasons supporting the determination that Price's reported daily activities were not consistent with someone who is disabled.  *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).  None of Price's daily activities contradict her testimony regarding the intensity, persistence or limiting effects of her symptoms, and the ALJ failed to offer any explanation of how they might.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  Additionally, Price's testimony was consistent with her prior self-reports, including functional reports and reports to medical providers.  *See Ghanim*, 763 F.3d at 1164.  Moreover, the ALJ failed to identify any activities or physical functions that Price engaged in that are transferable to a work setting.  *Orn*, 495 F.3d at 639.  Accordingly, the ALJ failed to provide clear, convincing, and specific reasons to discredit Price's physical symptom testimony.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

The ALJ also failed to provide specific and legitimate reasons for according little weight to the opinion of Price's treating physician, Dr. Shillito.  The ALJ

gave little weight to Dr. Shillito's opinions because the limitations Dr. Shillito described were inconsistent with Price's activities of daily living. The ALJ's reasoning, however, rests on the same flawed reasoning as the reasoning regarding Price's discredited physical symptom testimony. Additionally, although Dr. Shillito is not a specialist, that factor alone does not constitute a sufficient reason for giving little weight to his opinions, and the ALJ's decision does not reflect a weighing of the factors relevant a treating physician's opinion. *See Ghanim*, 763 F.3d at 1161; *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

We therefore vacate the district court's judgment affirming the ALJ's denial of benefits. Because we conclude that critical factual issues remain unresolved, and that further proceedings will be useful, we instruct the district court to remand this case to the agency for further proceedings. *See Brown-Hunter*, 806 F.3d at 496; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**